IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RONALD JOE HALL, <br> AIS # 167421, <br><br> Plaintiff, <br><br> v. <br><br> REOSHA BUTLER, *et al.*, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> )    CASE NO. 2:20-CV-686-RAH <br> ) <br> ) <br> ) <br> ) <br> ) |

# **ORDER**

On July 25, 2023, the Magistrate Judge recommended that summary judgment be entered in favor of the Defendants and this case be dismissed with prejudice. On August 7, 2023, Plaintiff Ronald Joe Hall filed Objections (Doc. 58) to the Recommendation (Doc. 57) of the Magistrate Judge.

When a party objects to a magistrate judge's report and recommendation, the District Court must review the disputed portions de novo. 28 U.S.C. § 636(b)(1). The Court "may accept, reject, or modify the recommended disposition; receive further evidence; or resubmit the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). De novo review requires that the District Court independently consider factual issues based on the record. *Jeffrey S. ex rel. Ernest S. v. State Bd. of Educ.*, 896 F.2d 507, 513 (11th Cir. 1990). If the party does not

object to specific factual findings, the court reviews them only for clear error. *Garvey v. Vaughn*, 993 F.2d 776, 779 n.9 (11th Cir. 1993).

Hall first objects based on his belief that the defendants submitted perjured affidavits and false evidentiary materials. There is no showing that any documents were falsified. Hall's speculation that the evidentiary materials are false is unavailing.

Hall also argues that, because he entered a jury demand, the dismissal of this case prior to trial is a violation of the Seventh Amendment right to a jury trial. In actions at law, such as a § 1983 action, "issues that are proper for the jury must be submitted to it 'to preserve the right to a jury's resolution of the ultimate dispute,' as guaranteed by the Seventh Amendment." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 718 (1999) (quoting *Markman v. Westview Instruments, Inc.*, 517 U.S. 370, 377 (1996)). In this case, the Magistrate Judge determined Hall failed to establish a genuine dispute of material fact as to an Eighth Amendment deliberate indifference claim. This Court has reviewed the Magistrate Judge's Recommendation and agrees with the findings and analysis. The jury demand has no bearing on whether summary judgment is appropriate in this case.

Hall also objects on the basis that preventing this action from going to trial is a deprivation of his right to access the courts. Hall's objection is based on a misunderstanding of the judicial process. The right to access the courts is derived

from either the First Amendment right to petition the government or the Fourteenth Amendment right to due process. Hall has not been prevented from filing this §1983 action against the defendants in federal court or otherwise pursuing his case. The Court's determination that summary judgment should be granted in favor of the defendants is not a violation of Hall's right to access the courts.

Finally, Hall submits a new third-party affidavit, which appears to be an attempt to raise new claims. Hall's evidentiary materials were due in April 2021. (Doc. 42.) A plaintiff "may not 'raise new claims at the summary judgment stage.'" *White v. Beltram Edge Tool Supply, Inc.*, 789 F.3d 1188, 1200 (11th Cir. 2015) (citation omitted). Consequently, the Court will not consider the affidavit at this stage of the proceedings.

Upon this Court's independent review of the record and consideration of the the Objections and Recommendation, it is ORDERED as follows:

1. The Objections (Doc. 58) are OVERRULED.

2. The Recommendation (Doc. 57) is ADOPTED.

3. The Motions for Summary Judgment (Docs. 29, 38) are GRANTED.

4. This case is DISMISSED with prejudice.

DONE, on this the 21st day of September 2023.

R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE

3